785 F.2d 311
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WASHTENAW SHOPPING CENTER INVESTMENT COMPANY, a Michigan
co-partnership, Plaintiff-Appellee, Cross-Appellant,
v.
COMMERCE & INDUSTRY INSURANCE COMPANY, a New York
corporation, Defendant-Appellant, Cross-Appellee.
 83-1696
 United States Court of Appeals, Sixth Circuit.
 1/10/86
 
 BEFORE: LIVELY, Chief Judge; WELLFORD, Circuit Judge, and PORTER, District Judge.*
 PER CURIAM.
 
 
 1
 This appeal involves a dispute between an insurance company and its insured. Suit was filed in a Michigan state court and removed to the district court on the basis of diversity of citizenship. After both parties filed motions for summary judgment, the district court granted the motion of the plaintiff on its claim of loss under a fire insurance policy issued by the defendant. The defendant appeals, contending that $31,224.40 of the judgment represents the value of property which is not covered by the policy.
 
 
 2
 The plaintiff owned a shopping center which was extensively damaged by fire. A portion of the property was leased to a 'cosmetology clinic' and the defendant insurer contends that certain items damaged in the fire were either 'improvements or betterments' or 'trade fixtures' which the tenant had the right to remove at the end of the term of the lease and in which the shopping center had no insurable interest. The defendant bases its position on language in the lease between the shopping center and the tenant. The tenant was not covered under the insurance policy and is not a party to this action. The items in dispute, according to the defendant's brief, consisted of wood wall paneling, plumbing, air-conditioning and heating systems, electrical systems, permanently installed room partitions, doors and wall moldings, windows, decorative panels and wall shelves. The lease provided, in paragraph 15, that the tenant could not make alterations, additions or improvements without the written consent of the landlord and that 'all alterations, additions and improvements (including fastened down carpets, fastened in cabinets and drape rods), made by either of the parties hereto upon the premises, except movable office furniture and trade fixtures put in at the expense of the Tenant, shall be the property of the landlord, and shall remain upon and be surrendered with the premises at the termination of this Lease without molestation or injury.' The defendant argues that the items in dispute were trade fixtures under Michigan law and thus came within the exception quoted above. Plaintiff conceded at oral argument that none of the items in dispute were moveable.
 
 
 3
 The defendant also contends that, regardless of their legal definition, all improvements and betterments to the leased premises became the sole property of the tenant. If this were so the landlord would have no insurable interest in these items. This argument is based on a single sentence from paragraph 28 of the lease, which bears the heading, 'Taxes.' That sentence reads, 'Leasehold improvements shall be deemed the personalty of Tenant.' The district court disposed of this argument by stating, 'The clause dealing with taxes is simply as it says--a clause dealing with taxes . . ..' We agree with this determination that the designation of leasehold improvements as personalty of the tenant in paragraph 28 was not intended to alter the provision of paragraph 15 which stated that all alterations, additions and improvements except moveable office furniture and trade fixtures became the property of the landlord.
 
 
 4
 The district court found that both the landlord and the tenant had insurable interests in the improvements and additions to the premises. We agree that paragraph 15 gave the landlord a reversionary interest in all additions and improvements and that this interest was included within the property insured under the policy in dispute.
 
 
 5
 Upon consideration of the briefs and oral arguments of counsel together with the record on appeal, this court concludes that the district court properly decided the issue. Accordingly, we affirm the judgment of the district court on the basis of the order of Judge Charles W. Joiner dated January 31, 1983.
 
 
 
 *
 The Honorable Davis S. Porter, Senior Judge, United States District Court for the Southern District of Ohio, sitting by designation